Opinion Issued November 21, 2002










  






In The
Court of Appeals
For The
First District of Texas




NO. 01-01-01140-CR




ROSA EVELIN GUTIERREZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 864343




O P I N I O N
          Appellant, Rosa Evelin Gutierrez, pled guilty to third-offender theft without
an agreed recommendation as to punishment. The trial court accepted appellant’s
guilty plea, found appellant guilty, and assessed her punishment at one year in state
jail. In reviewing appellant’s sole point of error, we address whether any error,
whether fundamental or not, resulting from the State’s questioning of appellant about
her immigrant status during the punishment proceeding was cured by the admission
of similar evidence. We affirm. Facts
          On November 2, 2001, a date prior to the entry of appellant’s guilty plea, the
court held a hearing on appellant’s pre-sentence investigation (PSI) report. Included
within the social-history section of the PSI report, the following information was
disclosed:
          The defendant was born in Herrera, Panama.

          . . .
 
The defendant stated she came to the United States on a visa when 
          she was thirty-five to work and have a better life for her children. 

Appellant did not object to the PSI report. 
          During the sentencing hearing, appellant’s counsel asked appellant the
following questions during direct examination regarding her status as an immigrant: 
 DEFENSE: I want to talk to you first about how you came to this country.
How long have you been here in the United States?

          APPELLANT: I came to this country on the 1st of April of 1990 with a visa.
The following testimony took place on cross-examination:
THE STATE: Ms. Gutierrez, it’s true you came to this country in 1990 with
a visa; is that correct?

          APPELLANT: Yeah.

          THE STATE: Why did you come into this country?
 
APPELLANT: I came to the United States after the invasion of the United
States to my country in Panama because the situation was very bad.
 
THE STATE: So you came into this country for a better life for yourself and
your family?

          APPELLANT: Yeah, especially for my children.
 
THE STATE: And a year later in ‘91 you committed the offense of theft; is
that correct?

          APPELLANT: Yes, that is correct.
 
THE STATE: And is that a way to repay the country that’s now giving you
and your children a better life?

          APPELLANT: No. 
 
Curative Admissibility
          In her sole point of error, appellant argues that the State’s questioning of
appellant about her immigrant status during the sentencing proceeding constituted
fundamental error violating her right of due process under the Fifth and Fourteenth
Amendments to the United States Constitution. U.S. Const. amends. V, XIV. 
Appellant contends that the State thereby conveyed to the trial court that appellant
deserved a harsher punishment because she was an immigrant. 
          Under the doctrine of curative admissibility, the admission of improper
evidence cannot be asserted as grounds for reversal on appeal if the defendant offers
evidence of substantially the same facts. See Aguilar v. State, 980 S.W.2d 824, 826
(Tex. App.—San Antonio 1998, no pet.). Here, appellant’s own counsel first
broached the topic of her immigrant status on direct examination during the
sentencing hearing. Thus, appellant had already introduced evidence of her
immigrant status by the time the State questioned her on cross-examination. Further,
appellant’s immigrant status and country of origin were made known to the court in
the social-history section of the PSI report, and appellant did not object to the
disclosure of this information or offer a reason why such information should not be
disclosed. See Thacker v. State, 889 S.W.2d 380, 392 (Tex. App.—Houston [14th
Dist.] 1994, pet. ref’d) (holding error, if any, in admission of evidence is cured where
same evidence is admitted elsewhere without objection). 
          We note that appellant has offered no authority to support her argument that
the mere introduction of evidence of her immigrant status alone during the sentencing
proceeding constitutes fundamental error. However, even if the State’s questioning
presented fundamental error, we hold that any such error was cured because appellant
testified to, and the PSI report also noted, her immigrant status.


  
          We overrule appellant’s sole point of error.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Tim Taft
                                                                        Justice

Panel consists of Justices Taft, Alcala, and Price.



Do not publish. Tex. R. App. P. 47.4.